(2024-202)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEGGY BECKER | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. _____ |
| ANTONIO AGUIRRE IBARRA, LLC | § | |
| ANTONIO AGUIRRE IBARRA, and | § | |
| AGUSTIN RODRIGUEZ PALOMO | § | JURY DEMANDED |

## DEFENDANT ANTONIO AGUIRRE IBARRA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, ANTONIO AGUIRRE IBARRA, files this Notice of Removal to the United States District Court for the Southern District of Texas, Laredo Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states the following:

**I.**

**BACKGROUND**

1. On July 12, 2024, Plaintiff, Peggy Becker (hereinafter "Plaintiff"), commenced an action in the 111th Judicial District Court of Webb County, Texas, Cause No. 2024CVA001161D2, styled *Peggy Becker v. Antonio Aguirre Ibarra, LLC, Antonio Aguirre Ibarra, and Agustin Rodriguez Palomo*. Plaintiff claims Defendants are liable to her under a negligence theory for personal injuries she allegedly suffered in the subject motor vehicle accident.

2. On or about September 16, 2024, an envelope containing Plaintiff's Original Petition with a citation issued by the Webb County District Clerk's Office, addressed to Defendant, Antonio Aguirre Ibarra (hereinafter "Defendant Aguirre"), was delivered to 23161 Mines Road, Laredo, Texas 78045. Although he questions the validity of service of process on him in his individual

capacity at the foregoing address via the method of service chosen by Plaintiff, Defendant nonetheless filed an Original Answer in state court on October 2, 2024.

3. On October 8, 2024, Defendant, Antonio Aguirre Ibarra, LLC (hereinafter "AAI, LLC"), an improper party, also filed an Original Answer to avoid possible entry of a default judgment because Defendant Aguirre, who is the registered agent for AAI, LLC, voluntarily entered an appearance as discussed above.

4. Upon information and belief, Defendant, Agustin Rodriguez Palomo (hereinafter "Defendant Rodriguez"), has not been properly served in accordance with the Hague Service Convention.

## II

## CITIZENSHIP OF THE PARTIES

5. Plaintiff, Peggy Becker, is a citizen of the United States and domiciled in the State of Texas. Specifically, Plaintiff alleges to be a resident of Webb County, Texas.[1]

6. Defendant, Antonio Aguirre Ibarra, LLC, although not a proper party to this lawsuit, is alleged to be a "corporation created under the laws of the State of Texas."[2] To the contrary, Antonio Aguirre Ibarra, LLC is domestic limited liability company organized and existing under the laws of the State of Texas. However, for purposes of determining diversity jurisdiction, a limited liability company's citizenship is based on the citizenship of its members. The sole member of Antonio Aguirre Ibarra, LLC is APAC Holding, S.A. de C.V., a Mexican corporation. As such, Antonio Aguirre Ibarra, LLC is considered a citizen of Mexico pursuant to the holding in *Harvey*

---

[1] *See* Exhibit A, Plaintiff's Original Petition, Pg. 1.

[2] *Id.*

*v. Grey Wolf Drilling Co.*[3]

7. Defendant, Antonio Aguirre Ibarra, is a natural person and citizen of Mexico and the legal name of the Mexican motor carrier, USDOT Number 932460, with its principal place of business in Nuevo Laredo, Tamaulipas, Mexico.[4]

8. Defendant, Agustin Rodriguez Palomo, is a natural person and citizen of Mexico.

### III.

### BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.   Diversity Jurisdiction Exists.**

9. Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of the United States and domiciliary of Texas.

10. In contrast, Defendants Aguirre and Rodriguez, the only proper parties to this lawsuit, are now, and were at the time of removal, and at the time of the filing of the instant lawsuit, citizens of Mexico.

11. As discussed above, AAI, LLC is also considered a citizen of Mexico. However, in the event that the Court holds otherwise, Defendant contends that the alleged in-state citizenship of AAI, LLC must be disregarded because it was improperly joined to defeat diversity. Accordingly, diversity of citizenship between the proper parties exists.

---

[3] 542 F.3d 1077, 1080 (5th Cir. 2008).

[4] In her Petition, the Plaintiff claims that Antonio Aguirre Ibarra is a "resident [of] Texas." This is not true. Mr. Aguirre is a citizen of Mexico with a non-immigrant visa that authorizes him to enter the United States on a temporary basis.

12. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal is timely as it is filed within 30 days of Defendant Aguirre's appearance in state court and/or actual or constructive receipt of Plaintiff's Original Petition.

13. At the time suit was filed, and continuing to the present, this Court had, and still has, original subject mater jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and the proper Defendants. Further, there are no statutory bars against removal to the United States District Court, Southern District of Texas.

14. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[5]

**B.     Defendant Antonio Aguirre Ibarra, LLC has been improperly joined.**

15. With regards to Plaintiff's claims against AAI, LLC, it is Defendant Aguirre's position that the limited liability company is, by operation of the federal removal statutes and the common law, a citizen of Mexico. Alternatively, and without waiving this argument, Defendant contends that AAI, LLC has been improperly joined in this action in an attempt to defeat diversity jurisdiction, and that this Defendant's citizenship should therefore be disregarded in determining this Court's subject matter jurisdiction.

16. The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant, does not defeat federal removal jurisdiction premised on diversity.[6] The citizenship of the improperly joined party is totally disregarded in determining a court's subject

---

[5] *Id.* at pg. 2.

[6] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

matter jurisdiction based on diversity.[7]

17. Improper joinder is established by a defendant's showing of: (1) actual fraud in the pleading of jurisdictional facts OR (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[8] Under the second ground, the removing defendant may demonstrate improper joinder by showing there is no possibility of recovery by the plaintiff against the in-state defendants or, in other words, that "there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the in-state defendant."[9] This means a defendant may satisfy this test by showing the plaintiff "[made] general allegations and fail[ed] to support them with specific, underlying facts, [such that plaintiff has] not established a reasonable basis for the Court to predict that relief may be granted."[10] A "reasonable basis" means more than a mere "theoretical possibility" that such a claim could exist.[11]

18. In determining whether a plaintiff has a "reasonable basis" for recovery under state law, the Court may "conduct a Rule 12(b)(6)-type analysis" of the plaintiff's pleading to decide whether the allegations state a claim against the in-state defendants under the state law, or the Court may conduct a summary judgment-type inquiry and consider affidavits to identify discrete and

---

[7] *See Smallwood v. Illinois Cent. R. R. Co.*, 385 F.3d 568, 571 n. 1 and 572-73 (5th Cir. 2004) (en banc), *cert denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L. Ed. 2d 756 (2005).

[8] *Smallwood*, 385 F.3d at 573.

[9] *Id.*

[10] *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex 2009).

[11] *See Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that the terms "no possibility" of recovery and "no reasonable basis" for recovery have essentially identical meanings and holding that pleadings must show more than "any mere theoretical possibility of recovery"); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

undisputed facts that would preclude recovery for the in-state defendants.[12]

19.     Here, Plaintiff's Original Petition fails to allege any specific facts establishing actionable state law claims against AAI, LLC. As to this improperly joined entity, the Petition asserts only global and conclusory allegations that Defendant Rodriguez, a citizen of Mexico, was acting in the course and scope of his employment with AAI, LLC.[13] This vague allegation lacks the factual support to prove that AAI, LLC employed and/or had a contractual relationship with Defendant Rodriguez, was involved in his qualification or hiring, and/or owned or exercised control over the commercial motor vehicle involved in the subject accident.  Without this evidence, there is no basis for the Court to predict that Plaintiff might be able to recover against AAI, LLC.

20.     Accordingly, the presence of AAI, LLC in this case must be disregarded. Removal is thus proper, and the Court should exercise subject matter jurisdiction over this civil action.

## IV

### CONSENT TO REMOVAL

21.     Although it has been improperly joined and its citizenship should be disregarded for purposes of diversity, out of an abundance of caution and in compliance with 28 U.S.C. § 1446(b)(2)(A), (C), Defendant AAI, LLC hereby consents to the filing of this Notice of Removal.

22.     Defendant Rodriguez has not been properly joined and/or served. However, undersigned counsel contacted Defendant Rodriguez and confirmed that he consents to the filing of this Notice of Removal.

---

[12] *Smallwood*, 385 F.3d at 573.

[13] *See* Exhibit A, Plaintiff's Original Petition, pg. 3.

## V.

## COMPLIANCE WITH REMOVAL PROCEDURES

23. A copy of this Notice of Removal was filed with the clerk of the State Court in which the original action was filed, as required by law.

24. Pursuant to Local Rules 3 and 81, this Notice of Removal is accompanied by a Civil Cover Sheet and copies of the following attached documents:

- a. Pleadings asserting causes of action (Exhibit A);
- b. All orders signed by the State Judge (Exhibit B);
- c. The state court docket sheet at the time of removal (Exhibit C);
- d. An index of matters being filed (Exhibit D);
- e. A list of all attorneys, including their addresses, telephone numbers, and the parties they represent (Exhibit E);

## VI.

## PRAYER

For these reasons, Defendant, ANTONIO AGUIRRE IBARRA, requests that the Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in State Court, in accordance with law.

Dated: October 8, 2024

Respectfully submitted,

/s/ *Anthony B. James*
Anthony B. James, *Attorney-in-Charge*
State Bar No. 10537300
Federal I.D. No. 3785
Email: ajames@hodgejames.com
Marco A. Jilpas
State Bar No. 24071331
Federal I.D. No. 2983324
Email: mjilpas@hodgejames.com
HODGE JAMES JILPAS & NICHOLS
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler, Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707
***Attorneys for Defendant,***
***ANTONIO AGUIRRE IBARRA***

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing, Defendant Antonio Aguirre Ibarra's Notice of Removal, has been served on the 8th day of October, 2024, to all attorneys of record via E-Service as follows:

Via E-mail: dgutierrez@oscargarzalaw.com
David G. Gutierrez
The Law Firm of Oscar A. Garza, P.L.L.C.
6243 IH-10 West, Suite 970
San Antonio, Texas 78201

*Attorney for Plaintiff*

/s/ *Anthony B. James*
Anthony B. James