(2024-202)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEGGY BECKER | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. 5:24-cv-00139 |
| ANTONIO AGUIRRE IBARRA, LLC, | § | |
| ANTONIO AGUIRRE IBARRA, and | § | |
| AGUSTIN RODRIGUEZ PALOMO | § | JURY DEMANDED |

**DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW Defendants, ANTONIO AGUIRRE IBARRA, LLC, ANTONIO AGUIRRE IBARRA, and AGUSTIN RODRIGUEZ PALOMO, and hereby file this their First Amended Original Answer to Plaintiff's Petition and/or Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and in support hereof would show the Court as follows:

**I.**

**SPECIFIC ADMISSIONS AND DENIALS**

A. **PARTIES.**

1. Defendants admit that Plaintiff Peggy Becker is a citizen of the United States and domiciliary of Webb County, Texas.

2. Defendants admit that Defendant Agustin Rodriguez Palomo is a natural person and citizen of Mexico.

3. Defendants admit that Antonio Aguirre Ibarra, LLC is domestic limited liability company organized and existing under the laws of the State of Texas. However, for purposes of determining diversity jurisdiction, a limited liability company's citizenship is based on the citizenship of its members. The sole member of Antonio Aguirre Ibarra, LLC is APAC Holding, S.A.

de C.V., a Mexican corporation. As such, Antonio Aguirre Ibarra, LLC is considered a citizen of Mexico pursuant to the holding in *Harvey v. Grey Wolf Drilling Co.*[1]

4. Defendants admit that Antonio Aguirre Ibarra is the holder of an E-2 non-immigrant visa, which allows him to temporarily reside and work in the United States. However, Defendants state that Antonio Aguirre Ibarra is, for purposes of diversity jurisdiction, a citizen of Mexico.

B. **JURISDICTION & VENUE**

5. Defendants state that this case was timely and properly removed to the United States District Court for the Souther District of Texas - Laredo Division, because the parties are completely diverse from each other and the amount in controversy exceeds $75,000.00.

C. **FACTS.**

6. Defendants admit that Plaintiff Peggy Becker (hereinafter "Plaintiff" or "Ms. Becker") and Defendant Agustin Rodriguez Palomo (hereinafter "Defendant Driver" or "Mr. Rodriguez") were the parties to a motor vehicle accident that occurred on September 6, 2022, in Laredo, Webb County, Texas. Defendants admit that Mr. Rodriguez was an employee of Antonio Aguirre Ibarra (hereinafter "Mr. Aguirre"). Defendants specifically deny the remaining allegations outlined in paragraph 5.0 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

D. **CAUSES OF ACTION.**

7. Defendants specifically deny that Mr. Rodriguez was negligent in the operation of his motor vehicle before or at the time of the events in question or that he breached any duties he may have owed to Plaintiff. Defendants specifically deny that Mr. Rodriguez failed to keep a proper

---

[1] 542 F.3d 1077, 1080 (5th Cir. 2008).

lookout, failed to timely apply the brakes of his vehicle, and/or failed to take proper evasive action. Defendants specifically deny that Mr. Rodriguez failed to control the speed of his vehicle, was inattentive or drove his vehicle in willful or wanton disregard for the safety of other persons, and/or that he changed lanes when unsafe. Defendants further specifically deny the remaining allegations in Paragraph 6.0, subparagraphs a. - g., of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Rodriguez.

8. Defendants specifically deny the allegations in paragraph 6.1 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Rodriguez.

9. Defendants specifically deny the allegations in paragraph 6.2 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Rodriguez.

10. Defendants specifically deny that they committed acts and/or omissions of gross negligence, as that term is defined in Section 41.001(11) of the Texas Civil Practice & Remedies Code. Defendants specifically deny that they engaged in any activity that could be construed as an extreme degree of risk. Defendants specifically deny that they were aware of any such risk or risks or that they "proceeded with conscious indifference to the rights, safety, or welfare of others." Defendants further specifically deny the remaining allegations in paragraph 7.0 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

11. Defendants specifically deny that Mr. Aguirre and/or AAI, LLC can be held liable under the legal doctrine of *respondeat superior* because Mr. Rodriguez did not commit any tortious

acts or omissions. Defendants further specifically deny the remaining allegations in paragraph 8.0 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

12. Defendants specifically deny that AAI, LLC employed Mr. Rodriguez at the time of the subject accident and/or exercised control over him or the activities he participated in while traveling in the United States or transporting cargo across the south Texas border. Accordingly, Defendants specifically deny that AAI, LLC can be held liable for negligently hiring, training, supervising, and/or retaining Mr. Rodriguez. Defendants specifically deny that AAI, LLC failed to enforce and ensure compliance with established safety and operational rules and regulations for its employees. Defendants further specifically deny the remaining allegations in paragraph 9.0, subparagraphs a. - e., of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against AAI, LLC.

13. Defendants specifically deny the allegations in paragraph 9.1 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against AAI, LLC.

14. Defendants specifically deny the allegations in paragraph 9.2 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against AAI, LLC.

15. Defendants specifically deny that Mr. Aguirre was negligent at any point prior to the subject motor vehicle accident or that he breached or deviated from any applicable standard of care or otherwise caused or contributed to the Plaintiff's alleged injuries or damages. Defendants specifically deny Mr. Aguirre failed to use ordinary care and properly screen prospective employees

or that he was negligent in hiring, training, supervising, and/or retaining Mr. Rodriguez. Defendants specifically deny that Mr. Aguirre failed to enforce and ensure compliance with established safety and operational rules and regulations for his employees, including Mr. Rodriguez. Defendants further specifically deny the remaining allegations in paragraph 10.0, subparagraphs a. - e., of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Aguirre.

16. Defendants specifically deny the allegations in paragraph 10.1 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Aguirre.

17. Defendants specifically deny the allegations in paragraph 10.2 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Mr. Aguirre.

### F.    DAMAGES.

18. Defendants acknowledge that Plaintiff is seeking damages in this cause and/or monetary relief over $250,000.00, but not more than $1,000,000.00. However, Defendants specifically deny that Defendants are legally responsible for Plaintiff's alleged injuries and/or that any claimed damages are recoverable by Plaintiff against Defendants.

19. Defendants specifically deny the allegations in paragraph 11.0 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

20. Defendants specifically deny the allegations in paragraph 11.1 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims

made against Defendants.

21. Defendants specifically deny the allegations in paragraph 11.2 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

22. Defendants specifically deny the allegations in paragraph 11.3 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

23. Defendants specifically deny the allegations in paragraph 11.4 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

24. Defendants specifically deny the allegations in paragraph 11.5 of Plaintiff's Petition and/or Amended Complaint and demand Plaintiff provide strict proof of the allegations and claims made against Defendants.

## II.

## **AFFIRMATIVE DEFENSES**

25. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and applicable state law, Defendants allege and will pursue the following affirmative defenses:

    a. Defendants affirmatively assert that the incident in question was caused, in whole or in part, or contributed to, by the negligence of Plaintiff and not on the part of these Defendants and these Defendant invoke the doctrine of proportionate responsibility.

    b. Pleading further, and in the alternative, any recovery Plaintiff may have against these Defendants for the alleged injuries and damages must be proportionally reduced in

accordance with the fault of Plaintiff or of third persons or parties over whose conduct these Defendants had no control, consistent with the principles of comparative responsibility.

    c.  Pleading further, and in the alternative, Defendants would state that the occurrence in question and the alleged damages, although such damages are not so acknowledged, was/were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery against these Defendants.

    d.  Pleading further, and in the alternative, Defendants affirmatively plead that Plaintiff failed to responsibly mitigate her damages.

    e.  Pleading further, and in the alternative, Defendants would urge the Court that the Plaintiff was suffering from pre-existing medical conditions as that term is defined by law at the time of the events made the basis of this lawsuit and Defendants should not be responsible for any damages caused by any pre-existing medical conditions.

    f.  Pleading further, and in the alternative, Defendants affirmatively assert that the alleged injuries and damages, although such damages and injuries are not so acknowledged, are solely the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit; or in the alternative are partially the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit.

    g.  Pleading further, and in the alternative, Defendants hereby plead the limitations on recoverable damages concerning Plaintiff's medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code.

  h. Pleading further, and in the alternative, Defendants assert their rights under Section 33.003 of the Texas Civil Practice & Remedies Code, which permits the submission of questions determining the percentage of responsibility of each claimant, each defendant, each settling person, and each responsible third party who has been designated under Section 33.004.

  i. Pleading further, and in the alternative, this Defendants plead the pre-judgment interest rate is the same as the post-judgment interest rate pursuant to Section 304.103 of the Texas Finance Code. Pursuant to Section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

  j. Pleading further, and in the alternative, if any claimant seeks recovery for loss of earnings or loss of earning capacity, the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a). If Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the jury should be instructed as to whether any recovery for compensatory damages sought are subject to federal or state income taxes. TEX. CIV. PRAC. & REM. CODE §18.091(b).

  k. Pleading further, and in the alternative, Defendants reserve the right to further amend this Answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, ANTONIO AGUIRRE IBARRA, LLC, ANTONIO AGUIRRE IBARRA, and AGUSTIN RODRIGUEZ PALOMO, respectfully request that this Honorable Court deny all relief requested by Plaintiff and enter a take nothing judgment in favor of these Defendants dismissing all claims with prejudice, assess costs against Plaintiff, and award all other and further relief to which they may be justly entitled.

        Respectfully submitted,

        /s/ *Marco A. Jilpas*
        Anthony B. James, ***Attorney-in-Charge***
        State Bar No. 10537300
        Federal I.D. No. 3785
        Email: ajames@hodgejames.com
        Marco A. Jilpas
        State Bar No. 24071331
        Federal I.D. No. 2983324
        Email: mjilpas@hodgejames.com
        **HODGE JAMES JILPAS & NICHOLS**
        1617 E. Tyler Ave., Suite A
        Harlingen, Texas 78550
        Telephone: (956) 425-7400
        Facsimile:  (956) 425-7707
        ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing, Defendants' First Amended Original Answer, has been served on the 6th day of February, 2025, to all attorneys of record via the District's CM/ECF:

Via E-Service: dgutierrez@oscargarzalaw.com
David G. Gutierrez
The Law Firm of Oscar A. Garza, P.L.L.C.
6243 IH-10 West, Suite 970
San Antonio, Texas 78201

    ***Attorney for Plaintiff***

        */s/ Marco A. Jilpas*
        Marco A. Jilpas